## Law Offices of David Wolff LLC
### 396 Route 34
### Matawan, NJ 07747

Phone (732) 566-1189
Fax (732) 566-1192

August 14, 2013

VIA ELECTRONIC FILING
Honorable Kathryn C. Ferguson, U.S.B.J.
United States Bankruptcy Court
Clarkson S. Fisher U. S. Courthouse
402 East State Street
Trenton, NJ 08608

Re: Tin Man Snacks, LLC
Bank. Case No. 13-25626-KCF

Dear Judge Ferguson:

This firm represents Crossroads Financial, LLC ("Crossroads"), a secured creditor of the above-referenced debtor ("Debtor"). Please accept this letter, in lieu of a more formal pleading, as the Objection of Crossroads to the Debtor's continued use of cash collateral.

Pursuant to the entered Interim Order authorizing the Debtor's use of cash collateral pursuant to U.S.C. Section §363 (c) (2) and Federal Rule of Bankruptcy Procedure 4001 and scheduling a final hearing date ("Interim Order"), signed by the Court on August 8, 2013, the Debtor was required to remit the sum of $30,000 to Crossroads as adequate protection for the use of its cash collateral on or before August 11, 2013. That payment has not been made. Moreover, since the petition date Crossroads has received no payment whatsoever from the Debtor.

In addition to the plain fact that the Debtor is in default under the Interim Order, the failure of the Debtor to remit any payment to Crossroads over the course of this case is significant. The bankruptcy petition was filed nearly one month ago on July 17, 2013. The "first day motions", including the motion for interim use of cash collateral, were not filed until July 26, 2013. A hearing on the interim use of cash collateral was conducted by the Court on July 30, 2013. The Interim Order was not entered by the Court until August 8, 2013. Between July 30, 2013 and August 8, 2013, the Debtor sought to significantly modify the budget attached to the Interim Order as an exhibit and considered at the hearing. Crossroads objected to the last-minute revised budget, in light of the fact that the revised budget requires Court approval of the use of post-

Honorable Kathryn C. Ferguson, U.S.B.J.  -2-  August 14, 2013

petition financing. The Debtor agreed with the position of Crossroads, and later attached the original budget to the Interim Order, which is now entered and part of the record. The budget was supposed to have set forth realistic projections, regardless of whether or not a later Walmart purchase order was processed or not.

Now, on August 14, 2013, we still have not been advised what collateral of Crossroads the Debtor is holding and the current value of same, specifically funds from sales, inventory, equipment, or anything else. While we have been advised only after we inquire regularly as to the status that efforts are been undertaken, ultimately "the proof is in the pudding", and Crossroads has been paid nothing. As a result, Crossroads is understandably very concerned about the erosion of an equity cushion, if one in fact ever existed. Moreover, Crossroads generously agreed to the delay of receipt of its first adequate protection payment from the petition date all the way until August 11, 2013, but that payment was not made as required. As a result, there is a clear lack of credibility with respect to the Debtor's projections or predictions going forward.

For all of the foregoing reasons, and specifically because the Debtor is in clear violation of the Interim Order, it is respectfully requested that the Court deny the Debtor's continued use of cash collateral. At this juncture, Crossroads requires an immediate opportunity to protect its collateral as the Debtor has not provided the adequate protection payment required under the Interim Order.

Respectfully submitted,

David Wolff

DW/sw

cc: David H. Stein, Esq.
    Jeffrey Sponder, Esq.
    Crestmark Bank
    Gulf Great Lakes Packaging
    Toyota Motor Credit Corporation